# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# ERIE DIVISION

| | |
|---|---|
| COCHRANTON VETERINARY HOSPITAL,<br><br>Plaintiff,<br><br>vs.<br><br>STERICYCLE, INC.,<br><br>Defendant. | DOCKET NO. 13-71 Erie<br><br>JUDGE SEAN J. McLAUGHLIN |

## MEMORANDUM OF LAW IN SUPPORT OF
## STERICYCLE INC.'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and LCvR 7, Defendant Stericycle, Inc. ("Stericycle" or "Defendant"), by and through undersigned counsel, hereby files this Memorandum in Support of its Motion to Dismiss two of the causes of action brought by Plaintiff Cochranton Veterinary Hospital ("Cochranton" or "Plaintiff"). Stericycle respectfully requests that the Court dismiss Plaintiff's Illinois Consumer Fraud Act ("ICFA") claim and unjust enrichment claim.

## INTRODUCTION AND BACKGROUND

Plaintiff's Complaint asserts a straightforward breach of contract action and should be limited to such. Cochranton contends that Stericycle's price for services increased more than it should have given the limitations contained in the contract. Plaintiff's Complaint then improperly and unsuccessfully attempts to morph this unremarkable breach of contract fact pattern into a nationwide consumer fraud class action under the ICFA. Courts construing the ICFA have repeatedly rejected pleadings like those in this case, which recite the same allegations

in support of a breach of contract cause of action and an ICFA cause of action, and then claim that fraud took place. Instead, Illinois courts have required that to survive dismissal, an ICFA claim must allege "something more" than merely append to allegations of breach that the defendant also concealed its intentions to breach, and then failed to alert the plaintiff. That "something more" is notably absent from Plaintiff's Complaint and this omission warrants its dismissal.

Cochranton filed its Complaint against Stericycle on March 8, 2013. The Complaint purports to be a nationwide class action on behalf of all "similarly situated consumers that contracted with Defendant to provide medical and biohazardous waste disposal and related services, and were charged unlawful fees." (Compl. ¶ 1.) Plaintiff alleges that it is a corporation located in Cochranton, Pennsylvania, that it first contracted with Defendant starting in October 2009 to receive medical and biohazardous waste disposal services, and that Stericycle charged it fees and costs that were not authorized by the form "Steri-Safe" Service Agreement ("Agreement") entered into by the parties. (*Id.* ¶ 4.) Plaintiff further alleges that Defendant "received substantial revenue and profits from its services in [the Western District of Pennsylvania]" and that "a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this district." (*Id.* ¶ 8.)

According to the Plaintiff, Stericycle breached Section 2(b) of the Agreement, which provides as follows: "Stericycle reserves the right to adjust the contract price to account for operational changes it implements to comply with documented changes in law, to cover increases in the cost of fuel, insurance, or residue disposal, or to otherwise address cost escalation." (Compl. ¶ 26.) The sum and substance of Plaintiff's Complaint is that Stericycle breached this provision by automatically increasing prices and/or adding unauthorized fees and surcharges to

customers' invoices, where the increases and/or fees bore no relation to operational cost increases to Stericycle, as allegedly required by Section 2(b). (*Id.* ¶¶ 27-29.) The Complaint brings three causes of action based on these same factual allegations: (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (2) breach of contract/breach of the duty of good faith and fair dealing; and (3) unjust enrichment. This is improper. Two of Plaintiff's claims should be dismissed, and the case should proceed on what is actually at issue—whether Stericycle breached its contractual obligations to Plaintiff.

Plaintiff's ICFA claim is deficient for several reasons. First, it fails to state a claim as a matter of law because it is nothing more than a regurgitation of the breach of contract claim. It is well established that the ICFA does not apply to a claim for breach of a contractual promise—without more. Yet nothing more is alleged in Plaintiff's Complaint. In addition, Plaintiff has failed to allege all of the elements of an ICFA claim. Finally, the Plaintiff is not an Illinois resident. As a consequence, it cannot maintain a claim under the ICFA absent allegation of a "substantial" connection to Illinois. Again, Plaintiff makes no such allegation.

While Plaintiff's ICFA claim must be dismissed because it is based on nothing more than the alleged breach of contract, Plaintiff's unjust enrichment claim must be dismissed because of the admitted existence of the Stericycle/Cochranton contract, whether or not breached. Unjust enrichment requires the absence of a contract. There is simply no good faith basis, nor is any alleged, for Plaintiff to claim that no contract exists in this case. Accordingly, Plaintiff's unjust enrichment claim should be dismissed.

## MOTION TO DISMISS STANDARD

A complaint must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state

a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2008) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plaintiff can plead himself out of court by pleading facts that show that he has no legal claim. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). Plaintiffs cannot rely on "mere labels, conclusions, or a formulaic recitation of the elements of a cause of action." *DeGuelle v. Camilli*, 664 F.3d 192, 198 (7th Cir. 2011). Thus, after *Iqbal*, a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Colbert v. Mercy Behavioral Health*, 845 F. Supp. 2d 633, 636 (W.D. Pa. 2012). First, the court must separate the factual and legal elements of the claim, accepting the well-pleaded facts as true but disregarding the legal conclusions. Second, the court must determine whether the facts alleged are sufficient to show that the plaintiff has a plausible claim for relief. *Id.*; *see also Dipippa v. Union School District*, 819 F. Supp. 2d 435, 438-39 (W.D. Pa. 2011). A complaint alleging a violation of the ICFA requires the same specificity as that required under common law fraud and must satisfy the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure. *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011).

**ARGUMENT**

I. **PLAINTIFF'S ICFA CLAIM SHOULD BE DISMISSED.**

    a. <u>The ICFA Claim is Simply a Breach of Contract Claim Masquerading as a Consumer Fraud Claim.</u>

Under Illinois law,[1] a breach of a contractual promise, without more, is not actionable under the ICFA. *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E. 2d 801, 844 (Ill. 2005).

---

[1] Plaintiff acknowledges that under the "Governing Law" section of the Agreement and choice-of-law principles, Illinois law applies to Plaintiff's claims. (*See* Compl. ¶¶ 45-46.)

"Consumer fraud or deception must be something more than simply a failure to fulfill contractual obligations—for that type of 'misrepresentation' occurs every time a defendant breaches a contract." *Id.* (quoting *Zankle v. Queen Anne Landscaping*, 724 N.E.2d 988, 993 (2000)).

As a matter of law, a plaintiff's ICFA claim must be based on allegations distinct from the defendant's promises under the contract. *Id.* "This principle has been applied by Illinois courts in myriad circumstances." *Shaw v. Hyatt Int'l Corp.*, 461 F.3d 899, 901-02 (7th Cir. 2006). Courts have allowed consumer fraud act claims that intersect with underlying contract claims *only* where the plaintiff alleges that the defendant's misrepresentation induced the plaintiff to enter the contract. *See M. W. Widoff, P.C. v. Encompass Ins. Co.*, No. 10 C 8159, 2012 WL 769727 at *3 (N.D. Ill. March 2, 2012) (citing *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 594-95 (Ill. 1997) and *Pappas v. Pella Corp.*, 844 N.E.2d 995, 998-99 (Ill. App. Ct. 2006)). The *Widoff* court noted that in *Connick* and *Pappas*, the plaintiffs properly alleged misrepresentations **about the products themselves** independent of any intent to honor the underlying contract, and therefore these cases properly stated a cause of action for consumer fraud under the Illinois statute. *Id.* at *3. By contrast, the *Widoff* court held that because the crux of the complaint in that case was that defendants promised to pay reasonable medical expenses and then failed to do so, this was merely a breach of contract claim and insufficient to state a claim under the ICFA. *Id.*; *see also Avery*, 835 N.E.2d at 844 (holding that purported nationwide class action ICFA claim could not be based on a mere contractual promise to restore vehicles to a "pre-loss condition" or to use parts of "like kind or quality" because the "deceptive act must involve something more than the promise to do something and a corresponding failure to do it"); *Shaw*, 461 F.3d at 901-02 (holding that plaintiffs' allegation that Hyatt hotel failed to honor a $502.00 room rate offered on its Website was nothing more than an unfulfilled

contractual promise rather than a consumer fraud claim, and motion to dismiss was properly granted); *Sklodowski v. Countrywide Home Loans, Inc.*, 832 N.E.2d 189, 196-97 (Ill. App. Ct. 2005) (rejecting consumer fraud act claim based on failure to "promptly" return escrow funds as promised in contract).

Here, the allegations in Plaintiff's breach of contract claim and the ICFA claim are identical. In its breach of contract claim, Plaintiff first alleges that in the Agreement, Stericycle "reserve[d] the right to adjust the contract price to account for operational changes it implements to comply with documented changes in law, to cover increases in the cost of fuel, insurance, or residue disposal, or to otherwise address cost escalation." (Compl. ¶ 71.) Plaintiff then alleges that Stericycle breached its contract with Plaintiff by (a) "charging automatic price increases to its customers"; (b) "charging unauthorized surcharges"; and (c) "routinely increasing prices charged to its customers that had no relation to its business costs," in violation of the express language of the contract. (*Id.* ¶¶ 72-73.) Plaintiff's ICFA claim, with identical allegations, is set forth in paragraph 65 of the Complaint:

> In violation of the ICFA, Stericycle employed deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of material facts, with intent that others rely upon concealment, suppression or omission of such material facts, including without limitation the following:
>
> a. Misrepresenting and/or concealing Stericycle's intent to raise prices for its service ***disproportionate to its costs***; and
>
> b. Misrepresenting and/or concealing Stericycle's intent to charge its customers ***excessive*** and/or unnecessary fees; and
>
> c. Misrepresenting and/or concealing Stericycle's intent to implement automatic price increases.

(Compl. ¶ 63 (emphasis added).)

Thus, the alleged ICFA violation is nothing more than an allegation that Stericycle breached the contract—or, at best, that Stericycle entered into the contract intending all along to breach it. Such is insufficient to state a claim under the ICFA. The only "deception" alleged by Plaintiff is that Stericycle raised its prices in violation of its contract because the price changes were not "related" to costs:

> . . . Stericycle does not inform its customers that, despite the contract price to which they have agreed, it will automatically add unauthorized fees and surcharges to each invoice, ***upon information and belief, these extra fees and surcharges have no relation to increased fuel, regulatory or other costs.***

(*Id.* ¶ 27 (emphasis added).) In other words, Plaintiff alleges merely that Stericycle violated the ICFA because it failed to tell its customers that its price increases were not related to its costs; that is, Stericycle failed to tell Plaintiff that it breached the contract.

Such an allegation is not a violation of the ICFA, because the breach of contract and ICFA claims "rest on the same factual foundation" relating only to Stericycle's alleged non-compliance with the agreed-upon price escalation cause in the contract. *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011) ("[A] deceptive act or practice involves more than the mere fact that a defendant promised something and then failed to do it" because "[t]hat type of 'misrepresentation' occurs every time a defendant breaches a contract." (quotations and citations omitted)). Plaintiff's ICFA claim amounts to nothing more than that Stericycle concealed its intent not to live up to its contractual promises. These are the very type of assertions that Illinois courts have consistently rejected. *See Widoff*, 2012 WL 769727 at *4 (holding that because "Plaintiffs d[id] not allege a fraud related to the product itself" and rather only alleged "Defendants' concealment of their intent not to honor promises to pay reasonable expenses," the ICFA claim was properly dismissed). As a result, Plaintiff's consumer fraud cause of action against Stericycle should be dismissed as a matter of law.

b. <u>Plaintiff Insufficiently Alleges the Elements of an ICFA Claim.</u>

Under the ICFA, a plaintiff must allege: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiffs (5) proximately caused by the deception. *Pappas*, 844 N.E.2d at 998. Plaintiff's allegations are defective with respect to elements (1), (4) and (5).

In connection with element (1), Plaintiff's complaint does not allege with required particularity what the alleged deceptive act was. The Agreement plainly states Stericycle may increase prices and fees to address cost escalations. Any price changes are reflected in writing on customer invoices, as is readily admitted by Plaintiff. (Compl. ¶ 42.) At bottom, Plaintiff is complaining that the price increases are a breach of contract because they allegedly "have no relation" to cost increases. (*Id.* ¶ 27.) However, there is no alleged deception, other than the alleged breach of contract, as discussed *supra* Section I(a). Moreover, far from alleging with specificity that price increases are unrelated to costs, plaintiff alleges "upon information and belief" that Stericycle's price increases were unrelated to costs. Plaintiff's allegations with respect to element (1) are clearly inadequate to satisfy the pleading standards of Rule 9(b). *See Greenberger*, 631 F.3d at 399.

In addition, the Complaint is defective with respect to elements (4) and (5) because it contains no allegations that Plaintiff relied on Stericycle's contract provision concerning raising prices in accord with cost changes, and it contains no allegations that such reliance caused damages. When a plaintiff seeks damages under the ICFA, it must allege and then prove it relied on the misrepresentation and this reliance was the cause of his damages. *See DeBouse v. Bayer*, 922 N.E.2d 309, 316 (Ill. 2009) ("[T]he plaintiff must actually be deceived by a statement or omission that is made by the defendant. If a consumer [has not] relied on the statement . . . [he]

cannot prove proximate cause."). There is no allegation that the Plaintiff was even aware of this contract provision, or that having read the contract provision, acted any differently than it would have if it were aware of the alleged deception. For all of these additional reasons, the ICFA claim must be dismissed.

      c.      <u>Alternatively, Plaintiff's ICFA Claim Must Be Dismissed Because Non-Illinois Residents Cannot Sue Under the Statute.</u>

In support of its ICFA claim, Plaintiff further alleges that "upon information and belief, the complained of conduct related to this claim primarily and substantially ***emanated from Defendant's principal place of business in Lake Forest, Illinois***." (Compl. ¶ 62 (emphasis added).) Allegations that a deceptive practice was devised in or was disseminated from defendant's headquarters are insufficient as a matter of law to support an ICFA claim. *Avery*, 835 N.W.2d at 823-25; *see also Rohlfing v. Manor Care, Inc.*, 172 F.R.D. 330, 340 & n.10 (N.D. Ill. 1997).

The ICFA does not create a private right of action for fraudulent transactions occurring outside Illinois. *Gridley v. State Farm Mut. Auto. Inc. Co.*, 840 N.E. 2d 269, 274 (Ill. 2005). For a non-Illinois resident, a private cause of action under the ICFA is allowed only "if the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *Phillips v. Bally Total Fitness Holding Corp.*, 865 N.E. 2d 310, 315 (Ill. Ct. App. 2007) (citing *Avery*, 835 N.E. 2d at 854). This determination requires an examination of the totality of a number of circumstances, including (1) the claimant's residence; (2) the defendant's place of business; (3) the location of the relevant item that is the subject of the disputed transaction; (4) the location of the claimant's contacts with the defendant; (5) where the contracts were executed;

(6) the contract's choice of law provisions[2]; (7) where the allegedly deceptive statements were made; (8) where payments for services were sent; and (9) where complaints about the goods and services were directed. *Haught v. Motorola Mobility, Inc.*, No. 12 C 2515, 2012 WL 3643831 at *3 (N.D. Ill. 2012).

Plaintiff concedes it is a non-Illinois resident and purports to bring a nationwide class action on behalf of other non-Illinois residents. Plaintiff does not, as required by law, allege that the transaction at issue occurred substantially and primarily in Illinois, or address the factors outlined in *Haught*. All that Plaintiff has alleged is that Stericycle's conduct related to the claim "emanated" from Stericycle's headquarters in Illinois. (Compl. ¶ 62.) This is not enough. *See Landau v. CNA Fin. Corp.*, 886 N.E.2d 405, 408 (Ill. App. Ct. 2008) (allegation that fraudulent scheme was "disseminated" from Illinois insufficient to sustain a complaint under ICFA). In fact, in alleging venue, Plaintiff avers that "a substantial part of the events and/or omissions giving rise to the claims [in the Complaint] occurred, in part, within [the Western District of Pennsylvania]."[3] (*Id.* ¶ 7.) Therefore, where, as here, a complaint fails to allege that the conduct at issue occurred "primarily and substantially" in Illinois, the plaintiff has failed to state a claim under the ICFA upon which relief may be granted, and dismissal is appropriate.

---

[2] The Illinois courts, however, have held that a choice-of-law provision in a relevant contract directing the application of Illinois law does not automatically mean that an ICFA claim is properly brought by a non-Illinois resident. *See Haught*, 2012 WL 3643831 at *5; *see also Int'l Profit Assocs, Inc. v. Linus Alarm Corp*, 971 N.E.2d 1183, 1191 (Ill. App. Ct. 2012). This is because an ICFA claim, as already described, cannot rely on a breach of contract claim.

[3] Plaintiff also asserts in the general allegations of the Complaint that the Agreement was received and approved by Stericycle in Lake Forest, Illinois, and that Plaintiff was required to submit payments to Stericycle in Carol Stream, Illinois. These allegations, without more, are not enough to sufficiently plead that the transaction that is the subject of the ICFA claim took place "primarily and substantially" in the state of Illinois. *See, e.g.*, *Landau*, 886 N.E.2d at 408-09 (stating that "activities that occur routinely in corporate headquarters" do not give rise to cognizable claim under ICFA).

II. **PLAINTIFF'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED BECAUSE OF THE EXISTENCE OF AN EXPRESS CONTRACT BETWEEN THE PARTIES.**

Plaintiff's entire Complaint is premised on a breach of contract. There are no allegations, or plausible facts pleaded in the alternative, that Stericycle and Plaintiff had an implied contract. As a consequence, there is no basis for Plaintiff's unjust enrichment claim. "Because unjust enrichment is based on an implied contract, where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." *People v. ex rel. Hartigan v. E & E Hauling, Inc.*, 607 N.E.2d 165, 180 (Ill. 1992); *DeJohn v. The TV Corp. Int'l*, 245 F. Supp. 2d 913, 919 (N.D. Ill. 2003) (parties had entered into an express contract, making implied contract claim inappropriate). There is no reason for the Court to waste time with an alternative claim that lacks any basis. Accordingly, Plaintiff's claim for unjust enrichment must be dismissed as a matter of law.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's ICFA claim and unjust enrichment claim.

DATED this 3rd day of May, 2013.

        Respectfully submitted,

        By: /s/ Raymond J. Etcheverry
            Raymond J. Etcheverry *(admitted pro hac vice)*
            Mark A. Glick *(admitted pro hac vice)*
            Cory D. Sinclair *(admitted pro hac vice)*
            PARSONS BEHLE & LATIMER
            201 South Main Street, Suite 1800
            Salt Lake City, UT 84111
            Telephone: (801) 532-1234
            Facsimile: (801) 536-6111
            E-mail: REtcheverry@parsonsbehle.com

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2013, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF STERICYCLE INC.'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Benjamin J. Sweet
Arthur H. Stroyd, Jr.
Edwin J. Kilpela
bsweet@dscslaw.com
astroyd@dscslaw.com
ekilpela@dscslaw.com

Benjamin F. Johns *(admitted pro hac vice)*
Joseph G. Sauder *(admitted pro hac vice)*
Matthew D. Schelkopf *(admitted pro hac vice)*
bfj@chimicles.com
jgs@chimicles.com
mds@chimicles.com

/s/ Raymond J. Etcheverry