IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| COCHRANTON VETERINARY HOSPITAL,<br><br>Plaintiff,<br><br>vs.<br><br>STERICYCLE, INC.,<br><br>Defendant. | DOCKET NO. 13-71 Erie<br><br>JUDGE SEAN J. McLAUGHLIN |

## **ANSWER**

Stericycle, Inc. ("Stericycle"), by and through its counsel, hereby answers Plaintiff's Class Action Complaint (the "Complaint") as follows:

1. With respect to paragraph 1 of the Complaint, Stericycle admits that Plaintiff purports to bring a class action on behalf of itself and others but denies the remaining allegations of said paragraph.

2. Stericycle admits the allegations of paragraph 2 of the Complaint.

3. With respect to paragraph 3 of the Complaint, Stericycle admits that Plaintiff purports to seek relief pursuant to the Illinois Consumer Fraud and Deceptive Trade Practices Act, for breach of contract, for breach of duty of good faith and fair dealing and, alternatively, for unjust enrichment. Stericycle denies the remaining allegations of said paragraph.

4. With respect to paragraph 4 of the Complaint, Stericycle admits that it entered into a contract with Plaintiff in October of 2009. Stericycle denies the first sentence of paragraph 4 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof. Stericycle denies the remaining allegations of said paragraph.

5. Stericycle admits the allegations of paragraph 5 of the Complaint.

6. With respect to paragraph 6 of the Complaint, Stericycle admits that this Court has subject matter jurisdiction over this action. Stericycle denies the remaining allegations of said paragraph.

7. With respect to paragraph 7 of the Complaint, Stericycle admits that venue is proper in this judicial district. Stericycle denies the remaining allegations of said paragraph.

8. With respect to paragraph 8 of the Complaint, Stericycle admits that this Court has personal jurisdiction over Stericycle. Stericycle denies the remaining allegations of said paragraph.

9. Stericycle admits the allegations of paragraph 9 of the Complaint.

10. Stericycle admits the allegations of paragraph 10 of the Complaint.

11. With respect to paragraph 11 of the Complaint, Stericycle admits that it services both large quantity generators and small quantity generators but denies the remaining allegations of said paragraph.

12. Stericycle admits the allegations of paragraph 12 of the Complaint.

13. With respect to paragraph 13 of the Complaint, Stericycle admits that the quoted language appears in its 2011 annual report. Stericycle denies the remaining allegations of said paragraph.

14. Stericycle admits the allegations of paragraph 14 of the Complaint.

15. With respect to the allegations of paragraph 15 of the Complaint, Stericycle admits that the quoted language appears on its website. Stericycle denies the remaining allegations of said paragraph.

16. Stericycle admits the allegations of paragraph 16 of the Complaint.

17. With respect to paragraph 17 of the Complaint, Stericycle admits the first sentence thereof, admits that the quoted language was stated by Mr. Kogler and admits the last sentence of said paragraph. Stericycle denies the remaining allegations of said paragraph.

18. With respect to paragraph 18 of the Complaint, Stericycle admits that certain governmental entities have initiated antitrust investigations of Stericycle, and that some of those have settled or been dismissed and admits the last two sentences thereof. Stericycle denies the remaining allegations of said paragraph.

19. Stericycle denies the allegations of paragraph 19 of the Complaint.

20. With respect to paragraph 20 of the Complaint, Stericycle admits that certain customers have executed a Steri-Safe Service Agreement. Stericycle denies the remaining allegations of said paragraph.

21. Stericycle denies the allegations of paragraph 21 of the Complaint.

22. With respect to the allegations of paragraph 22 of the Complaint, Stericycle admits that some of its contracts may include the language quoted in said paragraph. Stericycle denies the remaining allegations of paragraph 22 of the Complaint.

23. Stericycle admits the allegations of paragraph 23 of the Complaint.

24. Stericycle denies the allegations of paragraphs 24 of the Complaint.

25. Stericycle denies the allegations of paragraph 25 of the Complaint.

26. With respect to the allegations of paragraph 26 of the Complaint, Stericycle admits that some of its contracts may include the language quoted in said paragraph. Stericycle denies the remaining allegations of paragraph 26 of the Complaint.

27. Stericycle denies the allegations of paragraph 27 of the Complaint.

28. Stericycle denies the allegations of paragraph 28 of the Complaint.

29. Stericycle denies the allegations of paragraph 29 of the Complaint.

30. Stericycle denies the allegations of paragraph 30 of the Complaint.

31. Stericycle denies the allegations of paragraph 31 of the Complaint.

32. Stericycle admits the allegations of paragraph 32 of the Complaint.

33. Stericycle admits the allegations of paragraph 33 of the Complaint.

14. [*Sic*] With respect to the allegations of paragraph 14 of the Complaint, Stericycle avers that the Perez Complaint speaks for itself, and on said ground denies the remaining allegations of said paragraph.

15. [*Sic*] With respect to the allegations of paragraph 15 of the Complaint, Stericycle avers that the Perez Complaint speaks for itself, and on said ground denies the remaining allegations of said paragraph.

34. With respect to the allegations of paragraph 34 of the Complaint, Stericycle avers that the Perez Complaint speaks for itself, and on said ground denies the remaining allegations of said paragraph.

35. With respect to the allegations of paragraph 35 of the Complaint, Stericycle admits the first sentence thereof and that it entered into a settlement agreement with the New York Attorney General for $2.4 million. Stericycle denies the remaining allegations of said paragraph.

36. With respect to the allegations of paragraph 36 of the Complaint, Stericycle avers that the settlement agreement speaks for itself, and on said ground denies the remaining allegations of said paragraph.

37. With respect to the allegations of paragraph 37 of the Complaint, Stericycle admits that the qui tam action sought relief only on behalf of governmental agencies and that the

New York Attorney General settlement did not provide relief to private entities. Stericycle denies the remaining allegations of said paragraph.

38. With respect to the allegations of paragraph 38 of the Complaint, Stericycle admits the first sentence thereof but denies the second sentence for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

39. With respect to the allegations of paragraph 39 of the Complaint, Stericycle avers that any written contracts entered into with Plaintiff speak for themselves, and on said ground denies the remaining allegations of said paragraph.

40. With respect to paragraph 40 of the Complaint, Stericycle admits that Plaintiff's price was increased from time to time. Stericycle denies the remaining allegations of said paragraph.

41. With respect to paragraph 41 of the Complaint, Stericycle admits that Plaintiff's price was increased from time to time. Stericycle denies the remaining allegations of said paragraph.

42. With respect to paragraph 42 of the Complaint, Stericycle avers that the documents referenced therein speak for themselves and on said ground denies the remaining allegations of said paragraph.

43. With respect to paragraph 43 of the Complaint, Stericycle admits that Plaintiff contacted Stericycle on at least one occasion regarding its agreement with Stericycle. Stericycle denies the remaining allegations of said paragraph.

44. With respect to paragraph 44 of the Complaint, Stericycle admits that Plaintiff's price increased between January and February 2013. Stericycle denies the remaining allegations of said paragraph.

45. With respect to paragraph 45 of the Complaint, Stericycle admits that certain of its customer contracts are governed by Illinois law. Stericycle denies the remaining allegations of said paragraph.

46. With respect to paragraph 46 of the Complaint, Stericycle notes that the allegation is a conclusion of law and therefore requires no answer. To the extent an answer is deemed necessary, Stericycle denies the allegations of said paragraph.

47. Stericycle denies the allegations of paragraph 47 of the Complaint.

48. Stericycle denies the allegations of paragraph 48 of the Complaint.

49. With respect to paragraph 49 of the Complaint, Stericycle admits that Plaintiff purports to bring a nationwide class action on behalf of itself and others. Stericycle denies the remaining allegations of said paragraph.

50. Stericycle denies the allegations of paragraph 50 of the Complaint.

51. Stericycle denies the allegations of paragraph 51 and each of the subparagraphs thereof of the Complaint.

52. Stericycle denies the allegations of paragraph 52 of the Complaint.

53. Stericycle denies the allegations of paragraph 53 of the Complaint.

54. Stericycle denies the allegations of paragraph 54 of the Complaint.

55. Stericycle denies the allegations of paragraph 55 of the Complaint.

56. Stericycle denies the allegations of paragraph 56 of the Complaint.

57-67. Stericycle has filed a Motion to Dismiss Count I of the Complaint, which consists of paragraphs 57 through 67, and therefore no answer to these allegations is necessary at this time. To the extent an answer is deemed necessary, Stericycle denies each and every allegation of paragraphs 57 through 67.

68. Stericycle incorporates by reference its answers to paragraphs 1 through 67 above.

69. With respect to paragraph 69 of the Complaint, Stericycle admits that it entered into certain contracts with Plaintiff and avers that those contracts speak for themselves. Stericycle denies the remaining allegations of said paragraph.

70. Stericycle denies the allegations of paragraph 70 of the Complaint.

71. With respect to paragraph 71 of the Complaint, Stericycle admits that some of its contracts may contain the language quoted therein. Stericycle denies the remaining allegations of said paragraph.

72. Stericycle denies the allegations of paragraph 72 of the Complaint.

73. Stericycle denies the allegations of paragraph 73 of the Complaint.

74. Stericycle denies the allegations of paragraph 74 of the Complaint.

75. Stericycle denies the allegations of paragraph 75 of the Complaint.

76. Stericycle denies the allegations of paragraph 76 of the Complaint.

77-80. Stericycle has filed a Motion to Dismiss Count III of the Complaint which consists of paragraphs 77 through 80, and therefore no answer to these allegations is necessary at this time. To the extent an answer is deemed necessary, Stericycle denies each and every allegation of paragraphs 77 through 80.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by release.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, ratification, laches and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its own damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

Stericycle is presently without knowledge or information sufficient to form a belief as to whether it has additional, yet unasserted, affirmative defenses. Stericycle therefore reserves the right to assert additional affirmative defenses if it acquires knowledge or information supporting such defenses.

Stericycle has filed a Motion to Dismiss Counts I and III of the Complaint, and therefore it is unnecessary for Stericycle to assert affirmative defenses to these causes of action at this time. Stericycle reserves the right, however, to assert additional affirmative defenses related to Counts I and/or III in the event Counts I and/or III are not dismissed.

WHEREFORE, Stericycle prays that Plaintiff's Complaint and each and every cause of action alleged therein be dismissed with prejudice, that it be awarded its costs and attorneys' fees incurred herein and that the Court award such other and further relief as it deems just in the premises.

DATED this 3rd day of May, 2013.

Respectfully submitted,

By: /s/ Raymond J. Etcheverry
Raymond J. Etcheverry *(admitted pro hac vice)*
Mark A. Glick *(admitted pro hac vice)*
Cory D. Sinclair *(admitted pro hac vice)*
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
E-mail: REtcheverry@parsonsbehle.com

*Counsel for Defendant, Stericycle, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2013, I electronically filed the foregoing **ANSWER** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Benjamin J. Sweet
Arthur H. Stroyd, Jr.
Edwin J. Kilpela
bsweet@dscslaw.com
astroyd@dscslaw.com
ekilpela@dscslaw.com

Benjamin F. Johns *(admitted pro hac vice)*
Joseph G. Sauder *(admitted pro hac vice)*
Matthew D. Schelkopf *(admitted pro hac vice)*
bfj@chimicles.com
jgs@chimicles.com
mds@chimicles.com

/s/ Raymond J. Etcheverry